```
          UNITED STATES DISTRICT COURT
           DISTRICT OF MASSACHUSETTS
```

Criminal No. 06-10088-RCL

```
            UNITED STATES OF AMERICA

                        v.

              STEVEN R. BELANGER
              ROBERT J. BELANGER
```

**REPORT AND RECOMMENDATION RE:**
**MOTION FOR RECONSIDERATION OR ALTERNATIVELY OBJECTION**
**TO REPORT AND RECOMMENDATION OF 31 MARCH 2008**
<u>**(DOCKET ENTRY # 46)**</u>

**July 28, 2008**

**BOWLER, U.S.M.J.**

On March 31, 2008, this court issued an opinion recommending the denial of two motions to dismiss a Superceding Indictment filed by defendant Robert J. Belanger ("Robert Belanger") and his son, defendant Steven R. Belanger ("Steven Belanger"). (Docket Entry # 43). Presently pending before this court is a motion to reconsider the recommendation filed by Robert and Steve Belanger ("defendants"). (Docket Entry # 46). The government opposes reconsideration. (Docket Entry # 51). Finding it unnecessary to conduct a hearing, the matter is ripe for review.

<u>PROCEDURAL BACKGROUND</u>

As explained in the prior opinion, on April 5, 2006, an Indictment issued charging Steven Belanger with two counts of filing false individual income tax returns for the years 1999 and

2000 in violation of 26 U.S.C. § 7206(1). The Indictment charged Steven Belanger with under reporting on Schedule C the gross receipts of a sole proprietorship he owned and operated, Number One Foundations.

On April 5, 2007, a Superceding Indictment issued against Robert Belanger as well as Steven Belanger. Eight days later, the government moved to dismiss the original Indictment with prejudice under Rule 48, Fed. R. Crim. P., because of the Superceding Indictment. The court allowed the motion.

The three count Superceding Indictment charges both defendants with conspiracy to defraud the United States by dishonest and deceitful means by attempting to impair the function of the Internal Revenue Service ("the IRS") to collect income tax in violation of 18 U.S.C. § 371 ("section 371"). Count Two charges Steven Belanger and Count Three charges Robert Belanger with a corrupt endeavor to impair and impede the tax laws in violation of 26 U.S.C. § 7212(a) ("section 7212").

The first two motions to dismiss (Docket Entry ## 36 & 37) sought to dismiss all three counts in the Superceding Indictment. In essence, defendants argued that the Superceding Indictment did not set forth a violation on the part of Steven Belanger or Robert Belanger of either section 371 or section 7212. The opinion concluded that: (1) "the Superceding Indictment adequately contains the elements of a section 371 <u>Klein</u> conspiracy and does not provide a basis to dismiss Count One;"

(2) "the omnibus clause of section 7212(a) does not . . . require the existence of an impending or ongoing official IRS proceeding of which the defendant had notice;" and (3) the Superceding Indictment otherwise adequately contains the elements of section 7212(a)."  (Docket Entry # 43, pp. 15 & 25).

## DISCUSSION

As an interlocutory ruling, this court has the discretion to reconsider the recommendation with respect to the motions to dismiss.  See Geffon v. Micrion Corporation, 249 F.3d 29, 38 (1st Cir. 2001); see also Langevine v. District of Columbia, 106 F.3d 1018, 1023 (D.C.Cir. 1997) ("[i]nterlocutory orders are not subject to the law of the case doctrine and may always be reconsidered prior to final judgment"); Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42 (1st Cir. 1994) ("[i]nterlocutory orders, including denials of motions to dismiss, remain open to trial court reconsideration, and do not constitute the law of the case").  That said, establishing a basis for reconsideration is difficult because allowing reconsideration "is 'an extraordinary remedy which should be used sparingly.'"  Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006).

In order to succeed, "the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law."  Palmer v. Champion Mortgage, 465 F.3d at 30;

accord International Strategies Group, Ltd. v. Greenberg Traurig, LLP, 482 F.3d 1, 6 (1st Cir. 2007) (same; quoting Palmer, 465 F.3d at 30).  In other words, reconsideration is proper if "there has been a material change in controlling law" or "if newly discovered evidence bears on the question" or "to avoid manifest injustice."[1]  Ellis v. U.S., 313 F.3d 636, 647-648 (1st Cir. 2002); accord Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 139 (1st Cir. 2006) (quoting Tenth Circuit case in parenthetical that "'reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law'").

A.  Factual Challenges

Newly discovered evidence "may constitute a valid basis for a successful motion for reconsideration . . . [b]ut evidence known to a party and deliberately withheld for tactical reasons cannot plausibly be counted as newly discovered."  Bennett v. Saint-Gobain Corp., 507 F.3d 23, 34 (1st Cir. 2007).  To obtain relief, as stated above, defendants "must demonstrate either that newly discovered evidence (not previously available) has come to light."  Palmer v. Champion Mortgage, 465 F.3d at 30.  A "'motion for reconsideration'" is not an appropriate vehicle "'to reargue

---

[1] Defendants fail to establish a manifest injustice which "requires, at a bare minimum, 'a definite and firm conviction that a prior ruling on a material matter is unreasonable or obviously wrong,' and resulted in prejudice." U.S. v. Moran, 393 F.3d 1, 8 (1st Cir. 2004).

an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion.'" Platten v. HG Bermuda Exempted Ltd., 437 F.3d at 139 (quoting in parenthetical Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)).

Defendants point to a number of facts and procedural history previously set forth in the original motion or available at the time of the original motion. (Docket Entry # 46, ¶¶ 4-6 & 15-21). Such facts do not provide an adequate basis for reconsideration.

B. Legal Challenges

As previously noted, a court may allow a motion for reconsideration if the party seeking reconsideration "shows a manifest error of law." Ruiz Rivera v. Pfizer Pharmaceuticals, LLC, 521 F.3d 76, 81-82 (1st Cir.), petition for cert. filed, 77 U.S.L.W. 3001 (June 19, 2008) (No. 07-1595); accord International Strategies Group, Ltd. v. Greenberg Traurig, LLP, 482 F.3d at 6 ("'movant must demonstrate'" inter alia "'that the rendering court committed a manifest error of law'"); Davis v. Lehane, 89 F.Supp.2d 142, 147 (D.Mass. 2000) (court may allow motion to reconsider if movant demonstrates "a clear error of law in the first order"). Defendants raise a number of arguments (Docket Entry # 46, ¶¶ 8-10 & 35-48) that challenge this court's interpretation of the law and reliance on the following cases: U.S. v. McKee, 506 F.3d 225, 239 (3rd Cir. 2007); U.S. v. Dean,

5

487 F.3d 840, 853 (11th Cir. 2007), cert. denied, __U.S.__, S.Ct. 1444 (2008); United States v. Massey, 419 F.3d 1008, 1010 (9th Cir. 2005), cert. denied,547 U.S. 1132 (2006); United States v. Kelly, 147 F.3d 172, 176 (2nd Cir. 1998); U.S. v. Goldberg, 105 F.3d 770, 773 (1st Cir. 1997); U.S. v. Wilson, 887 F.2d 69, 73 (5th Cir. 1989); United States v. Reeves, 752 F.2d 995, 1001-1002 (5th Cir. 1985); U.S. v. Williams, 644 F.2d 696, 699 (8th Cir. 1981); U.S. v. Willner, 2007 WL 2963711 (S.D.N.Y. Oct. 11, 2007); United States v. Brennick, 908 F.Supp. 1004, 1010-1011 (D.Mass. 1995).  Defendants attempt to distinguish these cases from the facts and circumstances in the case at bar, including the government's characterization of Number One Foundations and the under reporting of gross receipts.  In so doing, they fail in their burden of demonstrating a manifest error of law.

   Defendants also submit that this court misapprehended the focus of an argument made in the motion to dismiss counts II and III.  (Docket Entry # 46, ¶ 34).  Defendants contend that the original motion "focused more on the legal theory employed by the United States to charge them with a violation of § 7212(a) in the circumstances alleged and not an attempt to narrow the reach of § 7212(a) to situations where there are pending IRS investigations of which the defendant was[sic] notice."  (Docket Entry # 46, ¶ 34).

   The recommendation, however, quoted the exact language of defendants' argument as presented in the original motion (Docket

Entry # 37, pp. 7-8). (Docket Entry # 43; "'of which the defendant had notice" and "'notice of some impending or ongoing official proceedings'"). The opinion also addressed the circumstances contained in the Superceding Indictment in the context of section 7212(a)'s omnibus clause which the original motion identified as the "one we are concerned here." (Docket Entry # 37, p. 7). Finally, in the context of setting out defendants' argument that they lacked the necessary state of mind or intent under the omnibus clause, the opinion noted the original arguments that the circumstances did not include an IRS audit or a pending IRS investigation and that defendants purportedly "conducted their activities in plain sight." (Docket Entry # 43, pp. 20-21). The opinion then rejected defendants' reliance on United States v. Kassouf, 144 F.3d 955 (6th Cir. 1998), and recommended the denial of the motion to dismiss (Docket Entry # 37).

The opinion therefore addressed the arguments presented in the original motion in the context of the circumstances set forth in the Superceding Indictment. Contrary to defendants' position (Docket Entry # 46, ¶ 34), the opinion did not overlook or misapprehend the original submission.

C. Newly Raised Arguments

A motion for reconsideration is not the proper means or the proper time to raise a new argument not contained in the original motion upon which reconsideration is based. See Global Naps,

7

Inc. v. Verizon New England, Inc., 489 F.3d 13, 25-26 (1st Cir. 2007) ("[g]enerally, a party is not entitled to present new arguments on a motion for reconsideration"). In this respect, defendants refer to a double jeopardy ruling made by the district judge and present an issue preclusion argument that they did not make in the original motions to dismiss. (Docket Entry # 46, ¶¶ 22-26, pp. 16-17). Defendants did not raise either a double jeopardy or issue preclusion argument in the original motions to dismiss.

To the extent the Report and Recommendation stated that the Superceding Indictment "'fairly informs' the defendants about the charges against which they must defend and enables them to enter a plea without fear of double jeopardy" (Docket Entry # 43, pp. 9 & 26; citing U.S. v. Yefsky, 994 F.2d 885, 893 (1st Cir. 1993)), the opinion did not address the merits of a double jeopardy argument. Similarly, footnote two of the opinion, which defendants summarily cite in passing (Docket Entry # 46, ¶ 24), did not address an issue preclusion argument. Instead, it simply provided support for the finding in the text of the opinion that the filing of tax returns understating the gross receipts of Number One Foundations led to a tax deficiency and a loss for the government. The footnote was not necessary to the opinion inasmuch as such a finding can be inferred given the facts set forth in the Superceding Indictment. See generally U.S. v. Goldberg, 105 F.3d 770, 774 (1st Cir. 1997) (inferring purpose to

8

defraud government by interfering with IRS given the agreement to falsify IRS documents to misstate or misattribute income).

In sum, the newly raised arguments concerning either double jeopardy or issue preclusion are not proper subjects of a motion for reconsideration. This court therefore will not reconsider the recommendation based on any such arguments.[2] See Cochran v. Quest Software, Inc., 328 F.3d 1, 11 (1st Cir. 2003) (court did not abuse its discretion "refusing to reconsider its decision based on the plaintiff's newly raised argument").

For similar reasons, this court declines to reconsider the opinion on the basis of another new argument presented by defendants (Docket Entry # 46, ¶¶ 27-33). Defendants forthrightly acknowledge that the argument was "not specifically included in their original moving papers." (Docket Entry # 46, ¶ 27). It was also not raised by this court. This court's citation to "U.S. v. St. Michael's Credit Union, 880 F.2d 579, 594 (1st Cir. 1989) (multiple checks cashed at different times on the same day did not require aggregation)" in a string citation to assume arguendo a legal principle with respect to currency transaction reports (Docket Entry # 43, n. 4) does not provide a stepping stone for defendants to raise the new and different argument based on that case in a motion for reconsideration. Likewise, defendants' reference in the original motion to

---

[2] Defendants may therefore raise those arguments in the future with a properly styled initial motion.

"'conduct having any tendency to obstruct or impede the due administration of Title 26'" did not sufficiently raise or give notice of the argument.  See Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15 (1st Cir. 2006) (rejecting Marks' assertion that he raised the argument in the original motion via a "catch-all provision" which did not give notice of the theory).  Finally, for similar reasons, the presentation of a new argument addressing an "antecedent point" of "the failure to disclose income by whom" (Docket Entry # 46, ¶ 14) does not justify reconsideration.

D.  Previous Arguments

    Reconsideration is not appropriate as a means "'to reargue an issue previously addressed by the court when the motion merely advances new arguments or supporting facts which were available at the time of the original motion.'"  Platten v. HG Bermuda Exempted Ltd., 437 F.3d at 139 (quoting Tenth Circuit case in parenthetical).  Defendants' elaborations or elucidations of arguments already made in the original motions (Docket Entry # 46, ¶¶ 11-13), including the argument that their actions did not involve concealment, does not provide a basis for reconsideration.

E.  The Boulware Decision

    As previously noted, "a material change in controlling law" may warrant reconsideration.  Ellis v. U.S., 313 F.3d at 647-648. In this respect, defendants urge that the "recent decision" by

the Supreme Court in <u>Boulware v. U.S.</u>, __U.S.__, 128 S.Ct. 1168 (2008), provides support for reconsideration. (Docket Entry # 46, ¶¶ 1-3 & 6-7). First, <u>Boulware</u> is not new law. Rather, it was decided on March 3, 2008, prior to the March 31, 2008 Report and Recommendation.

Second, the decision is not a "material" change in "controlling" law. The law controlling this case primarily concerns two statutes, sections 7212(a) and 371. In contrast, <u>Boulware</u> primarily involved a tax evasion case prosecuted under 26 U.S.C. § 7201. The Supreme Court explained that, "There is no criminal tax evasion without a tax deficiency and there is no deficiency owing to a distribution (received with respect to a corporation's stock) if a corporation has no earnings and profits and the value distributed does not exceed the taxpayer shareholders basis for his stock." <u>Id.</u> at 1178. Consequently, as the holding in <u>Boulware</u> provides, "A defendant in a criminal tax case does not need to show a contemporaneous intent to treat diversions as returns of capital before relying on those sections to demonstrate no taxes are owed." <u>Id.</u> at 1182. The decision is therefore neither material nor controlling to the government's prosecution of defendants for violations of sections 7212(a) and 371.

Third, defendants primarily rely on dicta in a footnote in <u>Boulware</u> based on previously existing Supreme Court precedent. (Docket Entry # 46, ¶ 3). In particular, defendants employ the

following dicta from <u>Boulware</u> to support the contention that they organized their business affairs legally and properly:

> We have also recognized that "[t]he legal right of a taxpayer to decrease the amount of what otherwise would be his taxes, or altogether avoid them, by means which the law permits, cannot be doubted." <u>Gregory v. Helvering</u>, 293 U.S. 465, 469, 55 S.Ct. 266, 79 L.Ed. 596 (1935). The rule is a two-way street: "while a taxpayer is free to organize his affairs as he chooses, nevertheless, once having done so, he must accept the tax consequences of his choice, whether contemplated or not, . . . and may not enjoy the benefit of some other route he might have chosen to follow but did not . . ..

<u>Boulware v. U.S.</u>, 128 S.Ct. at 1176 n. 7. Dicta that is not new law does not provide a basis for reconsideration. Thus, for the foregoing reasons as well as those set forth in the government's opposition (Docket Entry # 51, ¶ II(B)), defendants' arguments based on <u>Boulware</u> do not justify reconsideration.

As a final matter, defendants style the motion as one for reconsideration and in the alternative as an objection to the March 31, 2008 Report and Recommendation. They also sought and obtained an extension of time to April 22, 2008, to file a response or reply to the March 31, 2008 Report and Recommendation. To the extent the motion raises objections to the report and recommendation pursuant to 26 U.S.C. § 636(b)(1)(C), they are the province of the district judge.

## CONCLUSION

In accordance with the foregoing discussion, this court

**RECOMMENDS**[3] that the motion for reconsideration (Docket Entry #

46) be **DENIED**.

                                                  /s/ Marianne B. Bowler
                                                  **MARIANNE B. BOWLER**
                                                  United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of the Report and Recommendation to which objection is made and the basis for such objection.  Any party may respond to another party's objections within ten days after service of the objections.  Failure to file objections within the specified time waives the right to appeal the order.  United States v. Escoboza Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).