```
                     United States District Court
                       District of Massachusetts
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | |
| ) | Criminal No. |
| **STEVEN R. BELANGER and ROBERT J.** ) | 06-10088-NMG |
| **BELANGER,** ) | |
| ) | |
| Defendants. ) | |

### ORDER

**GORTON, J.**

In this criminal tax fraud and conspiracy case, the parties have filed several motions in limine. After consideration of the relevant memoranda submitted by the parties and oral argument, the Court decides those motions as follows:

1) The government's motion in limine to exclude evidence related to the original indictment (Docket No. 76) is **ALLOWED**. The fact that Steven Belanger was charged in a previous indictment that was dismissed (or any inference that might be drawn therefrom) is irrelevant to the case currently before the Court and, therefore, will be excluded pursuant to Fed. R. Evid. 403.

2) In response to the government's motion in limine with respect to the original indictment, the defendants contend that the government should be precluded from arguing to the jury that Steven Belanger filed false and fraudulent tax returns for the years 1999 and 2000 as charged in the original indictment. The Court has previously considered and rejected that contention and, therefore, the defendants' response (Docket No. 82) is treated as a motion in limine and is **DENIED**.

3) The defendants' motion to strike the word "Superseding" from the operative indictment in this case (Docket No. 92) is **DENIED** for the reasons recited in the government's opposition to that motion.

    4)    The defendants' motion to exclude all charts and summaries and testimony thereon submitted through Joseph Guidoboni (Docket No. 93), as amended at Docket No. 96, is **DENIED WITHOUT PREJUDICE.** The challenged evidence is 1) relevant, 2) not unduly prejudicial and 3) not subject to exclusion pursuant to Fed. R. Evid. 704(b) or the expiration of the statute of limitations for tax crimes. The Court makes no final determination as to the admissibility of such evidence which will, of course, depend upon the laying of a proper foundation and the admissibility of the materials upon which such evidence is based.

**So ordered.**

                                              /s/ Nathaniel M. Gorton  
                                              Nathaniel M. Gorton  
                                              United States District Judge  
Dated July 10, 2009